IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 25, 2019

## STATE OF TENNESSEE v. GARRICK GRAHAM

**Appeal from the Criminal Court for Sullivan County**
**No. S61-426  James F. Goodwin, Jr., Judge**

_____

### No. E2018-02162-CCA-R3-CD

_____

The Petitioner, Garrick Graham, filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The Sullivan County Criminal Court granted the motion in part and denied the motion in part, and the Petitioner appeals the trial court's denial. Based upon our view of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which James Curwood Witt, Jr., and J. ROSS DYER, JJ., joined.

Garrick Graham, Pro Se, Hartsville, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Barry Staubus, District Attorney General; and Jack Lewis Combs, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I. Factual Background

In January 2012, the Petitioner was charged by presentment with several offenses stemming from his involvement in a series of drug transactions. In April 2013, a Sullivan County Criminal Court Jury found him guilty of numerous drug-related offenses, including charges involving the sale and delivery of a substance containing cocaine near a recreation center, a school, and a daycare. Specifically, the jury convicted the Petitioner of the delivery of one-half gram or more of cocaine in counts one, three, and five; the sale of one-half gram or more of cocaine in counts two, four, and six; the delivery of one-half gram or more of cocaine within 1,000 feet of a recreation center in

count seven; the sale of one-half gram or more of cocaine within 1,000 feet of a recreation center in count eight; facilitation of the delivery of one-half gram or more of cocaine within 1,000 of a school in count nine; facilitation of the sale of one-half gram or more of cocaine within 1,000 feet of a school in count ten; facilitation of the of delivery of one-half gram or more of cocaine within 1,000 feet of a daycare in count eleven; facilitation of the sale of one-half gram or more of cocaine within 1,000 feet of a daycare in count twelve; the delivery of one-half gram or more of cocaine in count thirteen; facilitation of the sale of one-half gram or more of cocaine in count fourteen; conspiracy to sell more than twenty-six grams of cocaine within 1,000 feet of a school in count twenty-one; and conspiracy to deliver more than twenty-six grams of cocaine within 1,000 feet of a school in count twenty-two.

The trial court merged some of the counts and sentenced the Petitioner as a Range I, standard offender to twelve years for each offense in counts one, three, and five; twelve years for each offense in counts seven and nine; six years for each offense in counts eleven and thirteen; and twenty-five years for count twenty-one. The trial court imposed partial consecutive sentencing for a total effective sentence of thirty-seven years.

On direct appeal, the Petitioner challenged, in pertinent part, the length of his sentences and the imposition of consecutive sentencing. State v. Garrick Graham, E2014-01267-CCA-R3-CD, 2016 WL 892013, at *17 (Tenn. Crim. App. at Knoxville, Mar. 8, 2016). This court affirmed the length of the sentences and the trial court's imposition of consecutive sentencing. Id. at *22.

In October 2018, the Petitioner filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 to correct an illegal sentence. In his motion, he claimed that the trial court erred by applying the maximum sentences within the appropriate ranges without a jury's determining the appropriate enhancement factors and that the mandatory minimum sentence required by the Drug-Free School Zone Act did not apply to convictions involving a recreation center.

In November 2018, the trial court issued an order directing that the State enter a corrected judgment of conviction for count eleven because the Drug-Free School Zone Act did not apply to facilitation convictions; therefore, the trial court had erred by ordering that the Petitioner serve three years of his six-year sentence at one hundred percent. As to the other arguments in the motion, the trial court found that the Petitioner failed to state a colorable claim and dismissed the motion without a hearing and without the appointment of counsel.

## II. Analysis

On appeal, the Petitioner contends that the trial court improperly denied his Rule 36.1 motion to correct an illegal sentence. He claims that he is entitled to relief because his sentences were unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004), and because the trial court improperly applied the mandatory sentencing provisions of the Drug-Free School Zone Act. The State argues that the trial court properly denied the Petitioner's motion to correct an illegal sentence. We agree with the State.

Rule 36.1, Tennessee Rules of Criminal Procedure, permits a defendant to seek correction of an illegal sentence at any time. See State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). As our supreme court has explained, only "fatal" sentencing errors render sentences illegal. State v. Wooden, 478 S.W.3d 585, 595 (Tenn. 2015). "Included in this category are sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." Id. "Claims of appealable error generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." Id. Few appealable errors rise to the level of an illegal sentence. Id.

If a Rule 36.1 motion states a "colorable claim that the sentence is illegal," the trial court shall appoint counsel and hold a hearing on the motion. See Tenn. R. Crim. P. 36.1(b). Our supreme court has recognized that "Rule 36.1 does not define 'colorable claim.'" Wooden, 478 S.W.3d at 592. Nevertheless, the court explained that "for purposes of Rule 36.1, . . . a 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." Id. at 593.

A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." Id. at 594. In determining whether a motion states a colorable claim, the trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated." Id. Whether a Rule 36.1 motion states a colorable claim is a question of law, which we review de novo. Id. at 588.

Turning to the instant case, the Petitioner argues that his motion to correct an illegal sentence was improperly denied because pursuant to Blakely, a jury must find enhancing factors under Tennessee Code Annotated Section 40-35-114 before they can be applied to a trial court's sentencing decisions. We disagree with the Petitioner. "In 2005, the general assembly amended the Sentencing Act to bring our sentencing law into

compliance with federal constitutional requirements as enunciated in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and its progeny." <u>State v. Larry R. Porterfield</u>, No. M2012-01484-CCA-R3-CD, 2013 WL 451894, at *2 (Tenn. Crim. App. at Nashville, Feb. 6, 2013). As this court has explained,

> Our revised sentencing statutes, which provide that a trial court, in imposing a specific sentence within a range, "shall consider, but is not bound by" certain advisory sentencing guidelines, including that "[t]he sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors," Tenn. Code Ann. § 40-35-210(c)(2), does not run afoul of <u>Blakely</u>.

<u>State v. Brian Hervery</u>, No. W2010-00675-CCA-R3-CD, 2011 WL 1225725, at *8 (Tenn. Crim. App. Mar. 31, 2011) (quoting <u>State v. Carter</u>, 254 S.W.3d 335, 345 (Tenn. 2008)). The Appellant was sentenced in 2013 under the 2005 amended Sentencing Act. Therefore, we find no merit to his <u>Blakely</u> claim. In any event, this court has held that "a <u>Blakely</u> violation does not meet the Rule 36.1 definition of an illegal sentence and does not establish a void or otherwise illegal judgment." <u>See State v. Rafael Antonio Bush</u>, No. M2014-01193-CCA-R3-CD, 2014 WL 7204637, at *4 (Tenn. Crim. App. at Nashville Dec. 18, 2014); <u>see also</u> <u>State v. Atlanta Pearl Hardy</u>, No.M2017-00537-CCA-R3-CD, 2017 WL 3492060, at *3 (Tenn. Crim. App. at Nashville, Aug. 15, 2017).

The Petitioner also alleges that the trial court committed errors in its application of the Drug-Free School Zone Act. He asserts that in count seven, the statute did not authorize one hundred percent service of the minimum punishment in the applicable range and that in count twenty-one, he should not have been sentenced to a Class A felony. The trial court found that the Petitioner misconstrued the statute in both cases. We agree with the trial court.

Regarding count seven, delivering one-half gram or more of cocaine within 1,000 feet of a recreation center, Tennessee Code Annotated Section 39-17-432(b)(3) provides that a defendant convicted of the sale or delivery of drugs under Section 39-17-417 near a recreation center is subject to additional fines, but not "additional incarceration." As noted by the trial court, this section provides that a defendant's felony class cannot be elevated to a higher class, but it does not apply to the application of a mandatory minimum sentence. The governing statute clarifies that "[n]othing in this section shall be construed as prohibiting the judge from sentencing a defendant who violated subsection (b) to any authorized term of incarceration in excess of the minimum sentence for the defendant's appropriate range of sentence." Tenn. Code Ann. § 39-17-432(f). Here, the

Petitioner was sentenced within the appropriate range, and one hundred percent service of the minimum range was authorized by statute.

Regarding count twenty-one, the Petitioner asserts that the trial court violated the statute when it sentenced him for a Class A felony for conspiracy to sell twenty-six grams or more of cocaine within 1,000 feet of a school. However, the trial court correctly determined that while the offense was a Class B felony under Section 39-17-417(i)(5), the Drug-Free School Zone Act enhanced the crime to a Class A felony under Section 39-17-432(b)(1). Thus, the twenty-five-year sentence imposed by the trial court was not prohibited by statute.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the trial court's denial of the Petitioner's Rule 36.1 motion to correct an illegal sentence.

_____
NORMA MCGEE OGLE, JUDGE